Opinion of the Court by
Judge Owsley.
[Absent Chief Justice Bibb.]
This is an appeal irons a judgment, rendered against the appellants on a verdict found against them in an action of ejectment.
The declaration, as originally drawn, contains er.s count only, but was afterwards amended by adding another count. The appellants had appeared to the action, and pleaded the general issue before the declaration was amended, and the only notice which appears to have been taken, upon the record, of the amendment, is contained in the following entry, to wit: “On the 23rd of February, 1822, the plaintiffs, by their attorney, filed an amendment to the declaration; in the words and figures following.” *365 There does not appear to have been any objection made by the appellants, to the amended declaration being filed, nor was there any additional plea filed by them after the declaration was amended, but both parties on the trial, appear to have treated the issue as applicable to both counts of the declaration.
When an additional count is added after plea pleaded, and the trial is had as if the plea had been afterwards, it shall be so considered, and is well.
Joint demise can be made only by joint tenants, and all, and no more must unite, and the plaintiff’s evidence must so prove the title
In reviewing the judgment of the court below, therefore, we shall consider the issue as it was treated by the parties in that court. The plea though filed before the declaration was amended, would, if afterwards filed, have put in issue the matter contained in the amendment, as well as that contained in the original declaration, and whatever indulgence should have been allowed to the appellants, if, after the declaration was amended, they had desired again to plead, there is certainly no propriety in this court excluding from its consideration any matter which would have been involved in the issue, if the plea had been filed after the declaration was, in fact, amended.
Understanding the issue to apply to both counts of the declaration, therefore, we shall proceed to en*quire whether or not, the court below erred in refusing to grant a new trial on the application of the appellants.
And here it, should be premised that the first count of the declaration contains a joint demise, alleged to have been made on the first day of December, 1820, by Robert Whiting, Thomas Preble, Edward Preble, Ebenezer Preble and George Baggote, and his wife, Fanny. To have authorized the finding of the jury upon this count, it need scarcely to be remarked, that evidence should not only have been produced, going to prove a joint title in the lessors mentioned in the demise, but that title should, moreover, have been proved to have been in those lessors at the date of the demise. Unless, at the date of the demise, the lessors had title, they were incapable of making the lease laid in the declaration j and unless they are a¡l proved then to have had title, the jury should not have four,'! a verdict against the appellants.
Where the lessor claims title by descent, the death of the ancestor before the date of the demise, must be proved.
Justice’s certificate of the inability of the witness to attend, is not competent to prove the fact, to admit the deposition taken de bene esse.
The justice styling a person plaintiff's agent, who cross examines the witness, does not prove the fact so as to dispense with notice.
*366 It is apparent however, that no sufficient evidence of title, as to part of the lessors, was introduced on the trial. The title claimed to be in the Prebles, was attempted to be derived by descent from their mother, who was proved to be one of the children of Thomas Whiting, deceased. They can not, therefore, have been invested with the title of their mother, if any site had, until her death; and there is no evidence in the cause conducing to prove that she departed this life prior to the date of the demise.
The finding of the jury upon the first count, was, consequently, against evidence,
With respect to the second count, the evidence is still more conclusive against the verdict. That count contains a demise of the same date, by John Lowry Thruston, and the evidence conclusively proves that, before that day he had convoyed to Thomas Whiting whatever title he had to the laud in contest.
It follows that the verdict was against evidence,, and that the court below, ought, upon that ground, to have sustained the motion of the appellants, and granted a new trial.
But as the case must be remanded to the court below, it is proper Co remark that we are of opinion, that the court erred in not excluding- from the jury, the deposition of Elisabeth F. Fountain. That deposition was taken de bene esse, and to have authorized it to be read as evidence proof other inability to attend the trial, should have been produced. ’The justice before whom the deposition was taken, it is true, certifies the inability of the witness to attend court, but in certifying that fact, the justice undoubtedly travelled out of the pale of his official duty, and of course., his certificate was incompetent to prove the fact.
Besides, the appellants are net shewn to have had notice of the. time and place of taking the deposition; and although Hancock Taylor, as agent for William Taylor, one of the appellants, appears to have attended the taking of the deposition, he is not proved to be the agent otherwise than by the fact of *367 his having, as agent, staked the witness a question. But H. Taylor, without the approbation or consent of either of the appellants, may have asked the question, and without further evidence of his authority to act for the appellants, notice to them should have been proved.
To prove that persons are heirs of another, the witness ought to state the death of the ancestor, and relationship of the parties.
Crittenden for appellant; Mayes for appellees.
The other objections taken to the deposition, go not to the regularity of taking if, but to part of the matter sworn to by the witness, and need not be particularly noticed. We would, however, remark, that regularly, for the purpose of proving that one person is the heir of another, the particular facts shewing the relation the one bears to the other, should he state.d by the witness, and not in general terms, that such person is heir. Whether heir or not, is a conclusion of law upon the facts and degrees of relationship, and the particular relation should be proved to enable the court to apply the law.
The judgment must be reversed with cost, the cause remanded to the court below, the verdict set aside, and further proceedings there had, not inconsistent with this opinion.